**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 03-4146**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

YUESEYUAN CRUEL,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (CR-02-858)

─────────────

Submitted:  July 24, 2003          Decided:  August 18, 2003

─────────────

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Kevin Frank McDonald, OFFICE OF THE
UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Yueseyuan Cruel made a conditional guilty plea to possessing fifteen counterfeit securities, in violation of 18 U.S.C. § 513(a) (2000). He was sentenced to fifteen months imprisonment. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issue: whether 18 U.S.C. § 513(a) is constitutional in light of United States v. Lopez, 514 U.S. 549 (1995). We review de novo whether a federal statute is constitutional. United States v. Buculei, 262 F.3d 322, 327 (4th Cir. 2001), cert. denied, 535 U.S. 963 (2002).

We find that a violation of § 513(a) contains a jurisdictional element which shows an affect on interstate or foreign commerce, and thus the statute does not run afoul of Lopez. See United States v. Kovach, 208 F.3d 1215, 1217 (10th Cir. 2000). Thus, we agree with counsel that this claim fails on appeal. Despite notice of his right to do so, Cruel has failed to file a pro se supplemental brief.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such

a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED